IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROY GENE SCHICKEDANZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| J.B. HUNT TRANSPORT, INC | § | |
| And DONALD RAY TWIST | § | |
| *Defendant*s | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Roy Gene Schickedanz ("Plaintiff") and files this Original Complaint against Defendant J.B. Hunt Transport, Inc. and Donald Ray Twist ("Defendants"). In support thereof, Plaintiff states the following:

## I.
## PARTIES

1. Plaintiff Roy Gene Shickedanz is an individual residing in Fannin County, Texas.

2. Defendant J.B. Hunt Transport, Inc. is a Georgia corporation with its principal place of business at 615 J.B. Hunt Corporate Drive, Lowell, Arkansas 72745. Defendant J. B. Hunt Transport Services, Inc. ("J.B. Hunt") is qualified to do business in the State of Texas and is engaging in business in the State of Texas within the meaning of Section 17.042 of the Texas Civil Practice and Remedies Code. J.B. Hunt committed a tort in whole or in part in the State of Texas and caused injury to a Texas resident. Upon information and belief, J.B. Hunt has had continuous and systematic contacts with the State of Texas and has contracted with Texas residents over multiple years. J.B. Hunt Transport Services, Inc. can be served with citation through its Registered Agent: Corporation Service Company, 211 E 7th Street, Suite 620, Austin Texas 78701.

3. Defendant Donald Ray Twist is an individual residing in Mayes County, Oklahoma. He is engaging in business in the State of Texas within the meaning of Section 17.042 of the Texas Civil Practice and Remedies Code as a professional truck driver operating on the roadways within Texas.  Mr. Twist committed a tort in whole or in part in the State of Texas and caused injury to a Texas resident.  Upon information and belief, Mr. Twist has had continuous and systematic contacts with the State of Texas.  He can be served with citation at his residence address of 1572 N 495th Road, Rose, Mayes County, Oklahoma 74364.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this lawsuit under Section 1332(a)(1) of Title 28 of the United States Code because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims occurred in this district. 28 U.S.C. § 1391.

6. At all times relevant to these claims, Defendants had continuing and systematic contacts with the State of Texas and this judicial district by delivering its services and products into the stream of commerce with the expectation that they would reach the State of Texas and this judicial district.  Further, Defendants had minimum contacts with Texas and this judicial district and was doing business in Texas and this judicial district by, among other things, distributing, marketing, and selling their services to residents of the State of Texas and this judicial district. Plaintiff's claims arise from such contacts and business.

## III.
## CONDITIONS PRECEDENT

7. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## IV.
## FACTUAL SUMMARY

8. Plaintiff's claims arise out of a motor vehicle wreck that occurred on August 16, 2018 on SH 121 in Trenton, Texas near the intersection of Private Road 431 in Fannin County, Texas.

9. At the time in question, Defendant Donald Ray Twist was acting in furtherance of the business of, and as an employee or agent of Defendant J.B. Hunt Transport Services, Inc.

10. At the time in question, Defendant Twist was traveling northbound on SH 121 driving a tractor-trailer operated under the USDOT number of Defendant J.B. Hunt .

11. Plaintiff Roy G. Schickedanz was driving a farm/ranch tractor northbound on SH 121, in a careful and prudent manner, in the far right hand lane of travel, with amber caution flashers activated, a slow moving vehicle placard visibly displayed and wearing a safety belt. Plaintiff was just south of his intended destination and several other vehicles had passed Plaintiff with no issues.

12. It was the investigating officer's opinion that Defendant was distracted and inattentive and failed to control his speed striking the clearly visible tractor and Plaintiff in the rear causing significant damage to the tractor. Plaintiff sustained personal injuries as a result of this occurrence and was transported from the scene by air ambulance. Plaintiff's injuries required surgical intervention.

## V.
## NEGLIGENCE

13. Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and re-alleged herein.

14. Defendant J.B. Hunt Transport, Inc. is vicariously responsible for the negligence of their employee or agent, acting in furtherance of the business of J.B. Hunt Transport, Inc. at the time in question.

15. Defendant J.B. Hunt's driver, Defendant Twist, was negligent and failed to act as a person of ordinary prudence would under the same or similar circumstances.  Upon information and belief, the driver's  negligence includes, without limitation, failure to use ordinary care and prudence.  The truck driver was negligent in the following ways—among others:

- Driving while distracted;
- Inattentive driving;
- Failing to yield the right of way;
- Failing to keep a proper lookout;
- Failing to control speed; and/or
- Failing to take proper evasive action.

16. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiff's injuries and damages.

## VI.
## NEGLIGENCE PER SE

17. Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and re-alleged herein.

18. Upon information and belief, Defendant Twist was negligent per se in violating applicable Texas Transportation Code and Federal Motor Carrier Safety Regulations ("FMCSR") provisions, and Defendant J. B. Hunt Transport, Inc. is vicariously responsible for the negligence

per se of their employee or agent, Defendant Twist. Upon information and belief, Defendants Twist and J.B. Hunt Transport, Inc. violated—without limitation—the following regulations:

- Tex. Transp. Code Section 545.351 – Duty to Operate Motor Vehicle at Speed That is Reasonable and Prudent Under Circumstances and With Regard to Actual and Potential Hazards Then Existing and At Speed Necessary to Avoid Colliding With Any Person, Vehicle, or Other Conveyance on Highway; and/or

- Tex. Transp. Code Section 545.062 – Failing to maintain an assured clear distance between vehicles;

- Tex. Transp. Code Section 545.053 – Failing to pass to the left at a safe distance

- Tex. Transp. Code Section 545.4251 – Use of Portable Wireless Communication Device for Electronic Messaging

- 49 C.F.R. Section 392.2 – Duty to Operate Motor Vehicle in Accordance With the Laws, Ordinances, and Regulations of the Jurisdiction of Operation.

19. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the above-referenced occurrence and Plaintiff's injuries and damages.

## VII.
## RESPONDEAT SUPERIOR

20. Plaintiff incorporates all prior and subsequent paragraphs as if fully restated and re-alleged herein.

21. Defendant J. B. Hunt Transport, Inc. is liable for its driver's negligence as alleged above, pursuant to the doctrine of *respondeat superior* because Defendant Twist was acting in the course and scope of his employment at the time of the occurrence and for the benefit of J. B. Hunt Transport, Inc..

## VIII.
## DAMAGES, COSTS, AND INTEREST

22. As a direct proximate result of the negligent acts and/or omissions described above, Plaintiff has suffered injuries and damages for which Plaintiff seeks recovery from Defendants.

23. As applicable, Plaintiff seeks personal injury damages in amounts the jury deems to be fair and reasonable consisting of the following:

- Past and future physical pain and mental anguish;
- Past and future loss of earnings and earning capacity;
- Past and future disfigurement;
- Past and future physical impairment;
- Past and future medical and healthcare expenses and mental care expenses; and/or
- Any other actual or compensatory damages allowable by law.

24. Plaintiff also seeks recovery for all costs of court and prejudgment and post-judgment interest at the maximum rates allowed by law.

## IX.
## PRAYER

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants and award Plaintiff the following relief:

(i) A sum of money—as determined by a jury to be fair and reasonable—within the jurisdictional limits of this Court for the damages indicated above;

(ii) Pre-judgment and post-judgment interest at the maximum amount allowed by law;

(iii) Costs of suit; and

(iv) Such other and further relief to which Plaintiff may be justly entitled.

RESPECTFULLY SUBMITTED:

THE LAW OFFICES OF
FRANK L. BRANSON, P.C.

/s/ Kern A. Lewis
Lead Attorney

**KERN A. LEWIS**
State Bar No. 12295320
Email: Klewis@Flbranson.com

Highland Park Place
4514 Cole Avenue, Suite 1800
Dallas, Texas  75205
Telephone:      (214) 522-0200
Facsimile:       (214) 521-5485

ATTORNEYS FOR PLAINTIFF
ROY GENE SCHICKEDANZ